IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JENNIFER RAE GUNTER et al.,** | No. 3:22-cv-01252-MO (Lead Case) |
| Plaintiffs, | No. 3:22-cv-01675-MO (Member Case) |
| | No. 3:22-cv-01743-MO (Member Case) |
| v. | |
| | **OPINION AND ORDER** |
| **SHEMIA FAGAN,** | |
| Defendant. | |

| | |
|---|---|
| **JENNIFER RAE GUNTER et al.,** | No. 3:22-cv-01675-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| **LISA GAMBEE et al.,** | |
| Defendants. | |

| | |
|---|---|
| **JUDY ANN MORRISE et al.,** | No. 3:22-cv-01743-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| **KATHRYN HARRINGTON et al.,** | |
| Defendants. | |

1 – OPINION AND ORDER

MOSMAN, J.,

On August 24, 2022, Plaintiffs (the "Wasco Plaintiffs") filed the *Fagan* action *pro se*, suing Oregon's Secretary of State for various alleged improprieties related to elections. Compl., *Gunter et al. v. Fagan*, No. 3:22-cv-01252-MO [ECF 1] ("*Fagan*");[1] First Amended Complaint ("FAC") [ECF 17]. Defendant moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Mot. to Dismiss [ECF 24]. Wasco Plaintiffs responded and also made a Request for Judicial Notice [ECF 27].

Waco Plaintiffs then filed a more-or-less identical *pro se* action in Wasco County Circuit Court. *See* Compl., *Gunter et al. v. Gambee et al.*, No. 3:22-cv-01675-MO [ECF 1-1] ("*Gambee*"). But instead of suing Oregon's Secretary of State, Wasco Plaintiffs named Wasco County Clerks as Defendants (the "Wasco Defendants"). Wasco Defendants removed to this court a few days later and then moved to consolidate *Gambee* with *Fagan*. Mot. to Consolidate [ECF 31]. I granted their motion. Min. Order [ECF 32]. Wasco Defendants then also moved to dismiss, contending that Defendant Fagan's arguments in her Motion to Dismiss similarly apply. Wasco Defs.' Mot. to Dismiss [ECF 36].

Wasco Plaintiffs responded to both Motions to Dismiss. Wasco Pls.' Resp. in Opp'n to Fagan Defs.' Mot. to Dismiss [ECF 25]; Wasco Pls.' Resp. in Opp'n to Wasco Defs.' Mot. to Dismiss [ECF 41].

Finally, a different set of Plaintiffs (the "Washington Plaintiffs") filed a near-identical suit in Washington County. *See* Compl., *Morrise et al. v. Harrington et al.*, No. 3:22-cv-01743-MO [ECF 2-3] ("*Morrise*"). Defendants there (the "Washington Defendants") removed and moved to consolidate that case with those previously filed. Mot. to Consolidate, *Morrise* [ECF 5]. I granted

---

[1] All references are to the lead case unless otherwise noted.

2 – OPINION AND ORDER

their motion. Min. Order, *Morrise* [ECF 7]. Washington Defendants also moved to dismiss. Wash. Defs.' Mot. to Dismiss [ECF 40]. Washington Plaintiffs responded. Wash. Pls.' Resp. in Opp'n to Mot. to Dismiss [ECF 49].

I GRANT the Wasco Plaintiffs' Request for Judicial Notice. But I also GRANT Defendant Fagan's, Wasco Defendants', and Washington Defendants' Motions to Dismiss and DISMISS these cases with prejudice and without leave to amend.

## LEGAL STANDARD

Cases lacking Article III standing must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because subject matter jurisdiction is absent. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019). "An injury in fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Preminger v. Peake*, 552 F.3d 757, 763 (9th Cir. 2008). It is particularized only if plaintiff has been affected in a "personal and individualized way." *Id.*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev.

2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). Under Federal Rule of Civil Procedure 15(a), leave to amend should be given freely but need not be granted when it would be futile. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

## DISCUSSION

Plaintiffs are Oregon voters. They believe the integrity of elections in Oregon is at risk and assert various claims under the Constitution and federal and state law. The web of allegations aver that officials "expect[] blind trust from the public," Compl. [ECF 1] ¶ 23.c., and "leave election law hidden beneath a shroud of doubt," *id.* ¶ 30.e., without many specifics. Instead, Plaintiffs cite general propositions, such as the fact that election infrastructure has been designated critical infrastructure and that election machines "might nonetheless be targeted by attackers." *Id.* ¶ 48, 54.

The one concrete allegation Plaintiffs make is that the laboratories that test voting machines have not maintained their proper accreditation. *See, e.g., id.* ¶ 33, 41. According to Plaintiffs, "[i]f one System [sic] is not properly certified by an accredited voting system test laboratory . . . it therefore negates all other votes cast." *Id.* ¶ 31. This is because there is a chance that there are "vulnerabilities that could be exploited to undermine election integrity." *Id.* ¶ 66. As a remedy,

4 – OPINION AND ORDER

Plaintiffs ask that I order the state of Oregon to "exclusively [use] hand-counted paper ballots." *Id.* ¶ 77.

As a preliminary matter, I grant Wasco Plaintiffs' request for judicial notice. I find the materials they have provided are proper under Federal Rule of Evidence 201. Even still, both Wasco and Washington Plaintiffs' actions suffer from two fatal defects, as have other similar election integrity cases. *See Washington Election Integrity Coal. United v. Bradrick*, No. 2:21-CV-01386-LK, 2022 WL 4598504, at *4 (W.D. Wash. Sept. 30, 2022) (collecting cases from Arizona, Wisconsin, Vermont, and Nevada).

First, Plaintiffs have not alleged that they have suffered an injury in fact as a result of any purported wrongdoing by Defendant Fagan, Wasco Defendants, or Washington Defendants. They allege the potential for various types of harm to occur to the electoral process. If these harms were to occur, and their votes were to be not counted, they could potentially have litigable claims. *Cf. Bennett v. Yoshina*, 140 F.3d 1218, 1226–27 (9th Cir. 1998) (requiring "significant disenfranchisement that results from a change in the election procedures"). But the harms, if any, that Plaintiffs have alleged are conjectural or hypothetical, not actual or imminent. As such, Plaintiffs have not suffered an invasion of a legally protected interest and therefore have not suffered an injury in fact. And without an injury in fact, Plaintiffs do not have Article III standing, which is required to bring an action in federal court. I must therefore dismiss Plaintiffs' claims under Rule 12(b)(1) for lack of subject matter jurisdiction. "[F]eel[ing] devastatingly disenfranchised," *id.* ¶ 63, is not enough.

Even if Plaintiffs were to have standing, their claims would fail as a matter of law. Federal statutes provide that the accreditation of voting system test laboratories accredited by the Election Assistance Commission ("EAC") "may not be revoked unless the revocation is approved by a vote

of the Commission." 52 U.S.C. § 20971(c)(2). Federal statutes outweigh any guidance or manuals that might appear to say differently. And Plaintiffs do not, and cannot, allege that EAC has voted to revoke any of the labs' accreditations. This makes further amendment futile. So even accepting Plaintiffs' facts as true, any claims stemming from alleged unaccreditation fail as a matter of law and must be dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, I GRANT Plaintiffs' Request for Judicial Notice [ECF 27], but I also GRANT Defendants' Motions to Dismiss [ECF 24, 36, 40]. I DISMISS these cases with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this 6th day of February, 2023.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION AND ORDER